UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| CHANTE JOHNSON | CIVIL ACTION NO. 6:20-cv-00834 |
| VERSUS | JUDGE SUMMERHAYS |
| CITY OF NEW IBERIA, ET AL. | MAGISTRATE JUDGE HANNA |

### REPORT AND RECOMMENDATION

Four defendants – the City of New Iberia, Freddie DeCourt, Todd D'Albor, and the New Iberia Police Department – filed a Fed. R. Civ. P. 12(b)(6) motion, seeking dismissal of certain claims for failure to state a claim upon which relief may be granted. (Rec. Doc. 7). The plaintiff opposed portions of the motion but affirmed that other portions are unopposed. The motion was referred to this Court for report and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of this Court. Considering the evidence, the law, and the arguments of the parties, and for the reasons fully explained below, it is recommended that the motion should be GRANTED IN PART and DENIED IN PART.

### Background

This lawsuit originated in state court and was removed by the same defendants who filed the instant motion to dismiss. In her petition, the plaintiff, Chante Johnson, alleged that on or about May 21, 2019, she was a guest passenger in a vehicle that was pulled over by a New Iberia police officer due to an alleged turn signal violation.

Ms. Johnson claims that she was ordered to exit the vehicle and was then searched by police officers. She alleged that she was touched inappropriately during the search, and she further alleged that other officers at the scene failed to intervene to stop the search, failed to honor her request to have a female officer conduct the search, and failed to render aid. The plaintiff contends that she sustained physical injury and mental trauma due to the allegedly illegal search.

Ms. Johnson sued the City of New Iberia; New Iberia mayor Freddie DeCourt; the New Iberia Police Department; New Iberia police chief Todd D'Albor; several unnamed New Iberia police officers; and an unidentified insurance company.[1] She asserted claims under 42 U.S.C. § 1983 for the alleged violation of her rights protected by the First, Fourth, Eighth, and Fourteenth Amendments to the United States Constitution. She also asserted a Section 1983 claim for *Monell* liability against the City of New Iberia, a vicarious liability claim, and a claim that the police officers who conducted the search were inadequately trained and supervised. The plaintiff did not state in her petition whether she was suing Mayor DeCourt or Chief D'Albor in their individual capacities, their official capacities, or both. Additionally, she asserted state-law claims for negligence, assault, battery, sexual battery,

---

[1] No appearances have been made by the police officers or the insurance company.

unlawful and illegal detention, invasion of privacy, and intentional infliction of emotional distress.

## Law and Analysis

The movants seek dismissal of some – but not all – of the plaintiff's claims. They argued that the plaintiff's claim against the New Iberia Police Department should be dismissed because the police department lacks the capacity to be sued; that the plaintiff's First and Eighth Amendment claims should be dismissed because the petition lacks sufficient factual support for them; that the plaintiff's vicarious liability claims should be dismissed because no such claim is cognizable under Section 1983; and that the plaintiff's individual-capacity claims against the mayor and the police chief should be dismissed because the petition does not allege personal involvement by mayor or the chief in the search giving rise to the lawsuit.

### A.     The Standard for Evaluating a Rule 12(b)(6) Motion

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is appropriate when a defendant challenges the complaint for failing to state a legally cognizable claim.[2]  When considering such a motion, a district court must limit itself to the contents of the pleadings, including any attachments thereto.[3]

---

[2]     *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

[3]     *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).

The court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff.[4] Conclusory allegations and unwarranted deductions of fact should not be accepted as true,[5] and courts "are not bound to accept as true a legal conclusion couched as a factual allegation."[6]

To survive a Rule 12(b)(6) motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."[7] The allegations must be sufficient to rise above speculation,[8] and the complaint must contain more than a statement of facts that merely creates a suspicion of a legally cognizable right of action.[9] "While a complaint. . . does not need *detailed* factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not

---

[4] *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007); *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004).

[5] *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002); *Collins v. Morgan Stanley*, 224 F.3d at 498.

[6] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

[7] *Bell Atlantic v. Twombly*, 550 U.S. at 570.

[8] *Bell Atlantic v. Twombly,* 550 U.S. at 555.

[9] *Bell Atlantic v. Twombly,* 550 U.S. at 555 (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-36 (3d ed. 2004)).

4

do."[10] If the plaintiff fails to allege facts sufficient to "nudge[ ][his] claims across the line from conceivable to plausible, [his] complaint must be dismissed."[11] The face of the complaint must contain enough factual matter (taken as true) to raise a reasonable hope or expectation that discovery will reveal relevant evidence concerning each element of the plaintiff's claim.[12]

**B.     Section 1983 Claims**

Section 1983 provides for claims against any person who "under color of any statute, ordinance, regulation, custom, or usage, of any State" violates another person's constitutional rights.[13] Section 1983 is not a source of substantive rights; it merely provides a method for vindicating federal rights conferred elsewhere.[14] To state a Section 1983 claim, a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged

---

[10]     *Bell Atlantic v. Twombly*, 550 U.S. at 555 (citations, quotation marks, and brackets omitted; emphasis added). *See also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[11]     *Bell Atlantic v. Twombly*, 550 U.S. at 570.

[12]     *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 257 (5th Cir. 2009) (citing *Bell Atlantic v. Twombly*, 550 U.S. at 556). See also *In Re Southern Scrap,* 541 F.3d 584, 587 (5th Cir. 2008).

[13]     42 U.S.C. § 1983.

[14]     *Graham v. Connor*, 490 U.S. 386, 393-94 (1989); *Baker v. McCollan*, 443 U.S. 137, 144, n. 3 (1979); *Hernandez ex rel. Hernandez v. Texas Dep't of Protective & Regulatory Servs.*, 380 F.3d 872, 879 (5th Cir. 2004).

deprivation was committed by a person acting under color of state law.[15] A local governmental entity can be sued under Section 1983 when it is alleged that the municipality implemented or executed a policy or custom that resulted in the deprivation of a constitutional right.[16] To state a claim for municipal liability under Section 1983, a plaintiff must allege an official policy or custom, of which a policy maker had actual or constructive knowledge, and a constitutional violation whose moving force was that policy or custom.[17]

### C. The Claim Against the New Iberia Police Department

The movants argued that the plaintiff's claim against the New Iberia Police Department should be dismissed because the police department lacks the capacity to be sued. The plaintiff filed a separate motion for voluntary dismissal of her claim against the police department (Rec. Doc. 11), which was granted (Rec. Doc. 13). Accordingly, this issue is moot.

---

[15] *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013); *Moore v. Willis Indep. Sch. Dist.*, 233 F.3d 871, 874 (5th Cir. 2000).

[16] *Monell v. Department of Social Services of City of New York*, 436 U.S. 658, 690 (1978).

[17] *Pineda v. City of Houston*, 291 F.3d 325, 328 (5th Cir. 2002); *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001).

### D. The First Amendment and Eighth Amendment Claims

The movants argued that the plaintiff's First and Eighth Amendment claims should be dismissed because the petition lacks sufficient factual support for them. The First Amendment generally prohibits government officials from subjecting an individual to retaliatory actions for engaging in protected speech.[18] In her petition, the plaintiff did not set forth any facts suggesting that the actions of the police officers during the allegedly illegal search impaired her free speech rights. The protections of the Eighth Amendment against cruel and unusual punishment by governmental actors apply only to convicted prisoners.[19] The plaintiff did not allege that she had been convicted of a crime when the allegedly illegal search occurred. In her briefing, the plaintiff stated that she does not oppose this aspect of the motion to dismiss. Accordingly, this Court will recommend that the plaintiff's Section 1983 claims for violation of her First and Eighth Amendment rights should be dismissed.

### E. The Vicarious Liability Claim

The movants argued that the plaintiff's claim that the city, the mayor, or the chief of police are liable under a theory of *respondeat superior* should be dismissed because those claims are not permitted under Section 1983. Supervisory officers

---

[18] *Hartman v. Moore*, 547 U.S. 250, 256 (2006).

[19] *Morin v. Caire*, 77 F.3d 116, 120 (5th Cir. 1996).

cannot be held liable under Section 1983 for the actions of their subordinates on any theory of vicarious liability; instead, only the direct acts or omissions of government officials, not the acts of subordinates, will give rise to individual liability under Section 1983.[20] Similarly, although municipalities are "persons" within the meaning of Section 1983 and can be sued directly, they are not liable on a theory of vicarious liability or *respondeat superior*.[21] The plaintiff did not oppose this aspect of the motion, conceding that Section 1983 does not permit recovery for vicarious liability claims against supervisory officers or municipalities. Accordingly, this Court will recommend that these claims should be dismissed.

### F. The Individual-Capacity Claims Against the Mayor and the Police Chief

The movants argued that any individual-capacity claims asserted against the mayor or the police chief should be dismissed because the petition does not allege personal involvement by either of them in the search giving rise to the lawsuit. To establish an individual-capacity claim under Section 1983, a claimant must show that the defendant was either personally involved in a constitutional deprivation or that his wrongful actions were causally connected to the alleged constitutional

---

[20] *Alton v. Texas A & M University*, 168 F.3d 196, 200 (5th Cir. 1999).

[21] *Monell v. Department of Social Services of City of New York*, 436 U.S. at 690-91.

deprivation.[22] As noted above, supervisory officers cannot be held liable under Section 1983 for the actions of their subordinates on any theory of vicarious liability; instead, only the direct acts or omissions of government officials, not the acts of subordinates, will give rise to individual liability under Section 1983. But a supervisory official such as Mayor DeCourt or Chief D'Albor may be liable under Section 1983 if he or she implemented a policy so deficient that the policy itself acts as a deprivation of constitutional rights.[23]

The plaintiff's petition does not allege that Chief D'Albor or Mayor DeCourt was present when she was searched or that either of them was involved in any way in the events that underlie her petition. A supervisor's personal involvement usually includes giving a command, signal, or some other form of direction to a subordinate officer."[24] The petition contains no allegation that the chief or the mayor gave direction of any kind to the officers who allegedly searched the plaintiff. Therefore, the plaintiff has not stated a plausible individual liability claim against the mayor or the chief based on their involvement in the search.

---

[22] *Jones v. Lowndes County, Miss.*, 678 F.3d 344, 349 (5th Cir. 2012); *Douthit v. Jones*, 641 F.2d 345, 346 (5th Cir. 1981).

[23] *Alton v. Texas A & M*, 168 F.3d at 200; *Cronn v. Buffington*, 150 F.3d 538, 544 (5th Cir. 1998); *Thompkins v. Belt*, 828 F.2d 298, 304 (5th Cir. 1987).

[24] *Turner v. Lieutenant Driver*, 848 F.3d 678, 696 (5th Cir. 2017).

Similarly, the plaintiff did not clearly allege in her petition that either Chief D'Albor or Mayor DeCourt created, implemented, or enforced policies that caused the incident in which she was allegedly injured. In her opposition memorandum, however, the plaintiff argued that Paragraph 13 of her petition was intended to assert individual-capacity claims against the mayor and police chief based on their having implemented unconstitutional policies that resulted in her injuries. Paragraph 13 is vague, contains nothing more than conclusory allegations, and lacks any factual underpinnings. Therefore, the petition lacks factual allegations against Chief D'Albor or Mayor DeCourt supporting the conclusion that either of them implemented an unconstitutional policy.

While the petition does not allege facts clearly setting forth Chief D'Albor's and Mayor DeCourt's role in the alleged events or in the confection or implementation of any relevant policies, this Court interprets the plaintiff's opposition brief as including a request to amend the complaint to better articulate individual-capacity claims.

A Rule 12(b)(6) motion to dismiss is viewed with disfavor and rarely granted.[25] Under Fed. R. Civ. P. 15, a court should freely give leave to amend a

---

[25] *IberiaBank Corp. v. Illinois Union Ins. Co.*, 953 F.3d 339, 345 (5th Cir. 2020); *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011).

complaint when justice so requires. Therefore, a court should generally should give the plaintiff at least one chance to amend.[26] Indeed, "district courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner which will avoid dismissal."[27] The decision to allow amendment of a party's pleadings is within the sound discretion of the district court.[28]

This Court finds that it would be inequitable to dismiss the plaintiff's individual-capacity claims without allowing her an opportunity to remedy the sparseness of the factual allegations set forth in her petition. Therefore, this Court will recommend that the plaintiff should be permitted to file an amended complaint for the purpose of clarifying the individual-capacity claims asserted against Chief D'Albor and Mayor DeCourt, identifying the policies confected, implemented, or enforced by the chief or the mayor that led to the plaintiff's alleged injury, and

---

[26] See *Hernandez v. Ikon Office Solutions, Inc.*, 306 Fed. App'x 180, 182 (5th Cir. 2009). See also *Jackson v. Procunier*, 789 F.2d 307, 310 (5th Cir. 1986) (noting that "[a] complaint sought to be dismissed under Rule 12(b)(6) may generally be amended to cure its deficiencies.").

[27] *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002).

[28] *Norman v. Apache Corp.*, 19 F.3d 1017, 1021 (5th Cir. 1994); *Avatar Exploration, Inc. v. Chevron, U.S.A., Inc.*, 933 F.2d 314, 320 (5th Cir. 1991).

alleging a plausible factual basis for those claims. This Court will also recommend that the defendants be afforded an opportunity to file another Rule 12(b)(6) motion to dismiss if necessary or appropriate after review of the amended complaint.

### G. The Official-Capacity Claims Against Chief D'Albor and Mayor DeCourt

It is unclear from the plaintiff's petition whether she is asserting official-capacity claims against Chief D'Albor and Mayor DeCourt under Section 1983 as well as a Section 1983 claim against the City of New Iberia. "A judgment in a § 1983 lawsuit against an official in his official capacity imposes liability against the entity he represents."[29] Therefore, it is "well settled that a suit against a municipal official in his or her official capacity is simply another way of alleging municipal liability."[30] When, as in this case, the government entity itself is a defendant in the litigation, claims against specific individuals in their official capacities are redundant, and for that reason, courts in this circuit have found that it is appropriate to dismiss them.[31]

---

[29] *Deshotels v. Village of Pine Prairie*, No. 11-CV-2052, 2012 WL 1712358, at *4 (W.D. La. Apr. 13, 2012), *report and recommendation adopted*, 2012 WL 1712549 (W.D. La. May 15, 2012). See, also, *Woodard v. Andrus*, 419 F.3d 348, 352 (5th Cir. 2005).

[30] *Howell v. Town of Ball*, No. 12-951, 2012 WL 3962387, at *4 (W.D. La. Sept. 4, 2012), aff'd 827 F.3d 515 (5th Cir. 2016).

[31] See, e.g., *Castro Romero v. Becken*, 256 F.3d 349, 355 (5th Cir. 2001); *Flores v. Cameron County, Tex.*, 92 F.3d 258, 261 (5th Cir. 1996).

In keeping with this principle, this Court finds that the plaintiff's claims against Chief D'Albor and Mayor DeCourt in their official capacities are redundant of the claim asserted against the City of New Iberia, and the plaintiff does not oppose the motion in this regard. Therefore, this Court will recommend that the official-capacity claims against Chief D'Albor and Mayor DeCourt should be dismissed.

## Conclusion

For the foregoing reasons,

IT IS RECOMMENDED that the motion to dismiss (Rec. Doc. 7), which was filed by defendants the City of New Iberia, Freddie DeCourt, Todd D'Albor, and the New Iberia Police Department, should be GRANTED IN PART and DENIED IN PART. More particularly, it is recommended:

(a) that the motion should be denied as moot with regard to the plaintiff's claim against the New Iberia Police Department because that claim was already dismissed;

(b) that the motion should be granted with regard to the plaintiff's Section 1983 claims for violation of her First Amendment and Eighth Amendment rights and those claims should be dismissed with prejudice;

(c) that the motion should be granted with regard to the plaintiff's Section 1983 claims for vicarious liability and those claims should be dismissed with prejudice;

(d) that the motion should be granted with regard to the official-capacity claims against Chief D'Albor and Mayor DeCourt and that those claims should be dismissed with prejudice because they are redundant of the plaintiff's claims against the City of New Iberia;

(e) that the motion should be denied with regard to the individual-capacity claims asserted against Chief D'Albor and Mayor DeCourt;

(f) that the plaintiff should be granted leave of court to file an amended complaint with regard to any individual-capacity claims against Mayor DeCourt and Chief D'Albor that she might have; and

(g) that the defendants should be allowed to reurge their motion to dismiss after review of the amended complaint, if necessary and appropriate.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after

being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error.[32]

Signed at Lafayette, Louisiana on September 14, 2020.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE

---

[32] See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1).